The **PEOPLE** of the State of Colorado, Petitioner–Appellee,

In the Interest of J.L.M., J.W.M., J.M., and J.A.M., Children, and Concerning J.M., Respondent–Appellant.

No. 06CA0454.

Colorado Court of Appeals, Div. IV.

July 27, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24511105, C.R.S.2005.

Opinion by Judge ROMÁN.

J.M. (father) appeals from a judgment terminating the parent-child legal relationship between him and his children, J.L.M., J.W.M., J.M., and J.A.M., while finding that a less drastic alternative to termination exists for the mother. We affirm.

This dependency or neglect proceeding was initiated in June 2004 after a home health nurse arrived for a scheduled appointment to address concerns about the youngest child's failure to thrive. The nurse heard a child crying inside, found two children watching television unattended, one of whom was in a swing soaked with urine and caked with formula. Father, who was responsible for the children while mother was attending school, was asleep in the bedroom.

Father stipulated to the children's adjudication, and a treatment plan was approved in August 2004. Although father partially complied with the plan, he failed to make any sustained improvement in his ability to provide safe, nurturing care for the children. In February 2005, a motion to terminate the parent-child legal relationship was filed.

After a three-day hearing in February 2006, the trial court terminated father's parental rights, but did not terminate mother's parental rights. In so doing, the court found that an ongoing relationship with father would be of no benefit to the children.

 Father contends that the trial court erred in terminating his parental rights while at the same time determining that a less drastic alternative existed as to termination of mother's parental rights. We find no error.

 Before terminating parental rights, the trial court must consider and eliminate less drastic alternatives. Section 19–3–604(1)(c) C.R.S.2005; *C.S. v. People*, 83 P.3d 627 (Colo.2004); *People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986). In so doing, the trial court must give primary consideration to the physical, mental, and emotional conditions and needs of the child. *People in Interest of D.B–J.*, 89 P.3d 530 (Colo.App. 2004).

George N. Monsson, County Attorney, David W. Bute, Assistant County Attorney, Fort Morgan, Colorado, for Petitioner–Appellee.

Epperson and McClary, P.C., Andrew F. McClary, Fort Morgan, Colorado, for Respondent–Appellant.

Parental rights are personal between each parent and each child, *People in Interest of M.M.*, 184 Colo. 298, 520 P.2d 128 (1974); *People in Interest of J.M.B.*, 60 P.3d 790 (Colo.App.2002), and the statutes governing termination of the parent-child legal relationship do not proscribe termination of only one parent's rights. *See* § 19–3–601, et seq., C.R.S.2005. Therefore, in deciding whether to terminate or whether less drastic alternatives exist, a trial court may recognize differences between the parents, as well as differences between the children, and base its decision upon the best interests of the children. *See People in Interest of L.D.*, 671 P.2d 940 (Colo.1983).

The credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence, as well as the inferences and conclusions to be drawn from it, are within the discretion of the trial court. Thus, a trial court's findings and conclusions will not be disturbed on review if the record supports them. *People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982).

Here, the trial court found that permanent placement with the maternal grandparents was a viable less drastic alternative to termination of mother's parental rights but not as to termination of father's parental rights. In making these findings, the court determined that an ongoing relationship with mother would not be detrimental to the children, noting that mother was employed; that she had custody of the children's younger sibling; that ongoing contact would facilitate a relationship between all the children; that she could improve her parenting skills; and that the maternal family was a close, multi-generational, extended family that provided mutual support.

In addition, mother had a full-time job, had always been responsible for paying the family's monthly expenses, and had a close relationship with the maternal grandmother, who provided transportation and financial support when needed.

With respect to father, however, the court determined that an ongoing relationship would be of no benefit to the children, citing his lack of financial support, his ineffective parenting abilities, and his disinclination to effectuate any change in his situation.

The trial court's findings are supported by evidence that father did not maintain regular employment and relied on the children's mother and on his current wife, who was not the children's mother, for financial support; and that he reached a plateau in mental health treatment, quit attending therapy for six months, and did not reengage in treatment until shortly before the hearing. In addition, father did not consistently incorporate the skills taught in parenting classes, and he informed the caseworker and the parenting skills instructor that he would parent the children as he saw fit.

There being no statutory prohibition against termination of only one parent's rights, the trial court's findings of fact, which have support in the record, and its conclusions of law will not be disturbed on review. *See People in Interest of C.A.K., supra.*

The judgment is affirmed.

Judge CASEBOLT and Judge CARPARELLI concur.